UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY CLARK AND KAREN CLARK | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| JOHN DOE, J.H.O.C., INC., D/B/A PREMIER TRANSPORTATION, PROTECTIVE INSURANCE COMPANY, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | MAGISTRATE JUDGE: |

*********************************************************************************

## NOTICE OF REMOVAL

Defendants, J.H.O.C., Inc. d/b/a Premier Transportation ("Premier Transportation") and Protective Insurance Company ("Protective") (together "Defendants") hereby remove the action captioned "*Terry Clark and Karen Clark v. John Doe, J.H.O.C. Inc., d/b/a Premier Transportation, Protective Insurance Company, and State Farm Mutual Automobile Insurance Company*," bearing case number 828830 on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Defendants plead the following grounds:

I.

On June 1, 2022, this civil action was filed by plaintiffs, Terry Clark ("Mr. Clark") and Karen Clark ("Ms. Clark") (together hereinafter "Plaintiffs"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing case number 828830. Plaintiffs seek to recover damages for personal injuries allegedly sustained in a motor vehicle accident involving a vehicle owned by defendant, Premier Transportation. *See generally*, Petition for Damages ("Petition"), attached hereto as Exhibit A.

## **THE PARTIES ARE DIVERSE IN CITIZENSHIP**

II.

Plaintiff, Terry Clark, was at the time of the filing of this action a Louisiana domiciliary. *See,* Petition, Ex. A, at introductory paragraph.

III.

Plaintiff, Karen Clark, was at the time of the filing of this action a Louisiana domiciliary. *See,* Petition, Ex. A, at introductory paragraph.

IV.

Defendant, J.H.O.C., Inc. d/b/a Premier Transportation, was at the time of the filing of this action, and still is, a foreign corporation incorporated under the laws of Georgia, with its principal place of business in the state of Georgia.

V.

Defendant, Protective Insurance Company, was at the time of the filing of this action, and still is, a foreign corporation incorporated under the laws of Indiana, with its principal place of business in the state of Indiana.

VI.

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), was at the time of the filing of this action, and still is, a foreign corporation incorporated under the laws of Illinois, with its principal place of business in the state of Illinois.

VII.

Under the mandatory language of 28 U.S.C. §1441 (b)(1), the Court must disregard the citizenship of John Doe, which is a fictitious defendant, in determining whether the Court has subject matter jurisdiction over this matter. *Breaux v. Goodyear Tire & Rubber Co.,* 15-0837, 2015 WL 4635566, *2 (E.D. La 8/3/2015) (holding that the "language of [§ 1441(b)(1)] is clear and explicit,"

and the "Court must disregard the fictitiously named defendant's citizenship"); *see also*, *Beiriger v. Medtronic Dofamor Danek USA, Inc.*, 17-742, 2018 WL 1958385, *2-3 (M.D. La 11/30/2017) (holding 28 U.S.C. §1441 (b)(1) provides that when determining whether an action is removable on the basis of diversity jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded").

VIII.

Considering the above, complete diversity exists in this matter brought by Louisiana citizens against corporate citizens of Georgia, Indiana, and Illinois.

### ALL DEFENDANTS CONSENT TO REMOVAL

IX.

Undersigned has conferred with counsel for defendant, State Farm, and confirmed consent to this Removal as required under 28 U.S.C. §1446 (b)(2)(a).

### THE AMOUNT IN CONTROVERSY EXCEEDS
### THE COURT'S JURISDICTIONAL THRESHOLD

X.

It is not apparent on the face of the Plaintiffs' Petition that the action is within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Petition fails to describe with any degree of specificity the extent of the alleged injuries or damages sustained by Plaintiffs. Rather, it is only generally alleged that Plaintiffs sustained "severe and debilitating injuries," for which they seek damages for "past, present and future pain and suffering; past, present and future medical expenses; past, present and future lost enjoyment of life; and any and all other damages which may be proven at the trial of this matter." *See,* Petition, Ex. A, at ¶¶ V and XIII.

XI.

On July 26, 2022, upon receipt of certain medical records from Plaintiff's counsel, Defendants first received notice that plaintiff, Terry Clark, seeks to recover damages related to a traumatic brain injury, along with orthopedic injuries, in this lawsuit. Specifically, Defendants received post-accident medical records from Mr. Clark's treating neurologist, Dr. Jonathan K. Jones, in which he relates the following diagnoses and treatment to the accident of February 8, 2022:

- Traumatic brain injury ("TBI") with loss of consciousness as evidenced by an abnormal electroencephalogram ("EEG"), with symptoms of ongoing vertigo, disequilibrium, memory loss, and cognitive impairment.

- Potential seizure activity related to TBI resulting in intermittent and uncontrollable shaking of Plaintiff's right arm. For this, Dr. Jones has ordered an extended EEG (with a medical cost estimate of $17,000).

- Post-traumatic migraine headaches with sensitivity to light and noise (three to four times a week, with each headache lasting up to four hours). For this, Dr. Jones has ordered an occipital nerve block (with a medical cost estimate of $5,466.98), along with prescription medication.

- Neuropathy of the right leg with decreased sensation "concerning for radiculopathy," for which Dr. Jones ordered a lumbar MRI and referred Plaintiff to a spine specialist. In addition, within a month of the accident, Plaintiff reported neck pain, bilateral sacroiliac joint pain, and pain throughout his right lower extremities.

*See,* Declaration of Counsel attached hereto as Exhibit "B," at ¶ 7, with medical records attached thereto.

XII.

While liability and damages are disputed, actions involving the injuries and treatment alleged by Mr. Clark, including traumatic brain injury and orthopedic complaints, place the amount in controversy in excess of $75,000. *See e.g. Ezzell v. Miranne,* 11-228 (La. App. 5 Cir. 12/28/11), 84 So.3d 641 (wherein Plaintiff received $100,000 in general damages for head trauma resulting in long term headaches and memory problems); *Cronin v. Dept of Pub. Safety & Corr.,* 2009-0256 (La. App. 4 Cir. 08/26/09), 19 So.3d 45 (wherein the court stated that jurisprudence reveals a range of award

from $2200,000 to $450,000 for brain injuries even when the symptoms are relatively minor like headaches, mild cognitive issues, and behavioral issues); *Brando v. Wal-Mart Stores, Inc.*, 35,368 (La. App. 2 Cir. 12/19/01), 803 So. 2d 1039 (awarding $226,000 in general damages for closed head injury that caused permanent brain damage, headaches, memory loss, impaired concentration, and brain dysfunction); *Locke v. Young*, 42,703 (La. App. 2 Cir. 12/12/07), 973 So. 2d 831 (awarding $125,000 for closed-head concussion disorder with mild cognitive impairment and short-term recording memory difficulty and would require plaintiff to use adaptive measures to reduce his impairment moving forward).

### THIS COURT HAS DIVERSITY JURISDICTION

XIII.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441 because the parties are diverse in citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

XIV.

Because this Court has federal diversity jurisdiction over Mr. Clark's claim, it has supplemental jurisdiction over Ms. Clark's claim arising out of this accident. 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

XV.

In compliance with the requirements of 28 U.S.C. § 1446(b)(3), this notice of removal is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XVI.

In compliance with 28 U.S.C §1446 (a), a copy of all process, pleadings and orders served upon Defendants to date in state court are attached as Exhibit A, and made a part hereof.

XVII.

In compliance with 28 U.S.C. §1446 (d), Defendants hereby certify that this notice of removal is being served contemporaneously herewith to all adverse parties, and to the Clerk of Court of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**WHEREFORE**, Defendants, J.H.O.C., Inc. d/b/a Premier Transportation and Protective Insurance Company, pray that this cause be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ *Alexandra E. Celio*
M. Davis Ready, T.A. (Bar No. 24616)
Alexandra E. Celio (Bar No. 38695)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile:      (504) 569-2999
Email:      davisr@spsr-law.com
            alexandrac@spsr-law.com
**Attorneys for Defendants, J.H.O.C., Inc. d/b/a Premier Transportation and Protective Insurance Company**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been served upon all counsel of record by facsimile, electronic mail, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 25th day of August, 2022.

                                                                  */s/ Alexandra E. Celio*