UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KAREN CLARK, ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                       **NO. 22-2889**

**J.H.O.C., ET AL.**                                             **SECTION "B"(2)**

## ORDER AND REASONS

Before the Court are plaintiffs Terry Clark and Karen Clark's motion to remand (Rec. Doc. 9), and defendants John Doe, J.H.O.C., Inc., d/b/a Premier Transportation, Protective Insurance Company, and State Farm Mutual Automobile Company's memorandum in opposition to plaintiff's motion to remand (Rec. Doc. 17). For the following reasons, it is **ORDERED** that the plaintiffs' motion to remand is **DENIED** (Rec. Doc. 9).

## FACTS / PROCEDURAL HISTORY

This case arises from a motor vehicle collision between the plaintiffs and a vehicle owned by one of the defendants, Premier Transportation, on February 8, 2022. Rec. Doc 9-2 at 1-2; Rec. Doc. 17-2 at 1. On **June 1, 2022**, plaintiffs filed a petition for damages related to the collision in the 24th Judicial District Court for the Parish of Jefferson, contending that the tractor trailer driven by the defendant-driver, John Doe, latched onto and dragged their vehicle after attempting to pass it under the Westbank Expressway. Rec. Doc. 9-2 at 2. This same maneuver eventually caused the plaintiffs' rear bumper to detach. *Id.*

1

Plaintiff Terry Clark alleges to have suffered a traumatic brain injury including seizures and migraines because of the collision. Rec. Doc. 17-2 at 4.

These injuries were communicated to the defendants on **July 14, 2022** in a phone call and again on **July 26, 2022** through receipt of medical records. Rec. Doc. 9-2 at 3; Rec. Doc 17 at 2-3. Defendants maintain that the medical records documenting the injuries place the amount in controversy above $75,000 and filed a notice of removal on August 25, 2022. Rec. Doc. 17 at 2-3.

## LAW AND ANALYSIS

### A. Standard of Review

Federal courts are courts of limited jurisdiction. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). Removal of a civil action to federal court is governed by 28 U.S. § 1441 and is proper where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied." *Halmekangas*, 603 F.3d at 292 (alteration in original) (internal quotations and citation omitted). Federal diversity jurisdiction under 28 U.S.C. § 1332 exists where there is complete diversity of citizenship of the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Motions to remand are

governed by 28 U.S.C. § 1447(c), which provides that: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (*citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

28 U.S.C. § 1446(b)(3) states that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Fifth Circuit has clarified "other paper" to mean that "the information giving notice of removal must be contained in a writing," and a "defendant must actually 'receive' a 'copy' of the pertinent information." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018). The Fifth Circuit also reasoned that the "definition of 'paper' contemplates a written 'document' or 'instrument.' The definition of 'copy' specifically states that the 'double' must be in 'writing.'" *Morgan*, 879 F.3d at 609.

Section 1446(b) calls for the application of a two-step test for determining whether a defendant timely removed a case. 28 U.S.C. § 1446(b). First, the Court must determine whether the case

3

could be removed based on the initial pleading under § 1446(b)(1). Second, if the initial pleading does not "affirmatively reveal on its face" that the amount in controversy exceeds $75,000, the defendant may remove the case within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### B. Motion to Remand Analysis

It appears undisputed that this action is between citizens of different states and that the amount in controversy exceeds the $75,000 requirement. Rec. Doc. 9 at 1-2; Rec. Doc 9-2 at 1-5; Rec. Doc. 17 at 1-2. Thus, subject matter jurisdiction itself is not in dispute. Rather, the sole issue presented in the motion to remand is whether the notice of removal was timely filed. Rec. Doc. 17 at 1-2. Parties dispute the applicable date on which the thirty-day clock began to run. Plaintiffs believe the thirty-day period started from the verbal communication of the brain injury during a phone call with defendants. Rec. Doc. 9-2 at 3-5. Defendants contend the thirty-day period started when they received a physical copy of the medical records. Rec. Doc. 17 at 2-3.

Both parties base their legal analysis on *S.W.S. Erectors* but they both hold differing views of its reasoning. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996). Plaintiffs argue that *S.W.S. Erectors* reasons that a telephone call could fall under

4

"other paper." Rec. Doc. 9 at 2-3. Defendants argue the opposite. Rec. Doc. 17 at 5-6. Defendants contend that *S.W.S Erectors* relies on the affidavit from the phone call that the removal was based on and reasons the affidavit was not considered "other paper" because it was not a paper resulting from some voluntary act of the plaintiff. *Id.*

The Fifth Circuit reasoned that the affidavit of the telephone call in *S.W.S. Erectors* did not trigger the thirty-day removal process because it could not be considered "other paper;" however, a deposition transcript could and was considered "other paper." *S.W.S. Erectors*, 72 F.3d at 494 ("We hold that the affidavit, created entirely by the defendant, is not 'other paper' under section 1446(b) and cannot start the accrual of the 30-day period for removing. On the other hand, a transcript of the deposition testimony is 'other paper.'").

In the instant case, there is no deposition transcript. Instead, plaintiffs contend the phone call should be enough to begin the thirty-day accrual period. Rec. Doc. 9 at 2-3. However, both this Court and the Fifth Circuit have consistently held otherwise and continues to hold this concept true today: Verbal communications cannot be construed as "other paper" for the purposes of starting the thirty-day accrual period for removal. *Morgan v. West*, CV 21-2008, 2021 WL 6049555, at *2-3 (E.D. La. Dec. 21, 2021) ("The information contained in that writing must

5

provide an 'unequivocally clear and certain' basis for removal" quoting *Morgan,* 879 F.3d at 609); *Hutchinson v. Gov't Emps. Ins. Co.*, No. CV 20-2775, 2021 WL 363616 at *3 (E.D. La. Feb. 3, 2021) ("GEICO removed this action within 30 days of receiving Plaintiff's discovery responses, which included the information 'from which it may first be ascertained that the case is one which is or has become removable.' See 28 U.S.C. § 1446(b)(3). Thus, the Court finds that GEICO's Notice of Removal was timely.").

New Orleans, Louisiana this 2nd day of May, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE