UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KAREN CLARK ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 22-2889**

**J.H.O.C., INC. ET AL.**                                 **SECTION "B"(3)**

## ORDER AND REASONS

Considering plaintiffs Karen Clark and Terry Clark's motion for extension of time to file oppositions to defendants' motion in limine to limit plaintiffs' experts to four corners of report and defendants' motion for summary judgment (Rec. Doc. 53), plaintiffs' memorandum in opposition to defendant's motion for summary judgment (Rec. Doc. 54), and plaintiffs' memorandum in opposition to defendant's motion in limine to limit plaintiffs' experts to four corners of report (Rec. Doc. 56),

**IT IS HEREBY ORDERED** that plaintiffs' motion for extension of time to file oppositions to defendants' motion in limine to limit plaintiffs' experts to four corners of report and defendants' motion for summary judgment (Rec. Doc. 53) are DISMISSED as moot;

**IT IS FURTHER ORDERED** that after considering plaintiffs' memorandum in opposition to defendant's motion in limine to limit experts to four corners of report and its accompanying exhibits (Rec. Doc. 56), the related order (Rec. Doc. 52) limiting expert opinions from **all parties** to the four corners of their respective reports remains unchanged.  **However, a treating physician may in lieu of submitting an expert report** shall timely produce records of treatment, including but not limited to office notes, treatment modalities, diagnosis, prognosis, billing records, and other matters prior to and after deposition, along with additional records ordered by the court.

All parties are reminded to read the federal and local rules of court for directives on filing motions and oppositions to same.  Here, the submission date for the underlying summary judgment and in limine motions was August 14, 2024.  Per EDLA Local Rule 7.5, the opposition deadline for filing an opposition memorandum was no later than eight days before the submission date, or August 6, 2024.   Plaintiffs' opposition memoranda, submitted on same date as the extension motion, were filed three days late on August 9, 2024.  Notably, the extension motion gave no indication whether it was unopposed.

The Court's assessment of the merits of the underlying motion in limine along with the late opposition memorandum to same do not alter the court's order, excepting some modification as noted above for a treating physician.

Additionally, the three-day late filing of the memorandum in opposition to defendants' motion for partial summary judgment should not prejudice defendant.  While the court will consider that late filing, movant is further reminded that leave to file a late motion or opposition must first be sought prior to filing a late document.  We will not countenance another late filing, without consideration of adverse consequences flowing from same.

Lastly, because the noted memorandum in opposition to summary judgment was filed late without prior leave of court, **defendant may file a motion for sanctions within 10-days** seeking possible remedy for the late filing if it can show good cause and prejudice.  **Plaintiffs are allowed leave to file a response to that motion within 5-days after the filing of the latter motion**.

New Orleans, Louisiana this 19th day of August, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE